UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENDALL L. EDWARDS,<br><br>   Plaintiff<br><br> v.<br><br>MARSHALL COUNTYPROSECUTOR'S<br>OFFICE, *et al.*,<br><br>   Defendants | CAUSE NO. 3:06-CV-379 RM |

OPINION AND ORDER

Kendall Edwards submitted a complaint and amended compalint under 42 U.S.C. § 1983, and seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court must *sua sponte* dismiss an *in forma pauperis* suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because the amended complaint supercedes the original complaint, the court will screen the amended complaint.

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1989). *See also* Flick v. Blevins, 887 F.2d 778, 780 (7th Cir. 1989). A claim based on an "indisputably meritless legal theory" is frivolous. Denton v. Hernandez, 504 U.S. at 32; Neitzke v. Williams, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. Lee v. Clinton, 209 F.3d. 1025 (7th Cir. 2000).

Mr. Edwards brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person

acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

Mr. Edwards names the Marshall County Prosecutor's office, the Prosecutor, and three deputy prosecutors as defendants.[1] He alleges that these defendants violated his federally protected rights in 1995 by obtaining part of his Social Security income for child support. Mr. Edwards only seeks damages from the defendants.

Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 431. This immunity from liability extends to prosecutors in actions to obtain child support. *See* Hamill v. Wright, 870 F.2d 1032 (5th Cir. 1989) (prosecutorial immunity applies to the decision to bring contempt proceedings against parent for failure to pay child support). Indiana prosecutors are authorized by law to collect and process child support monies and enforce court orders related to child support. *See* Collier v. Collier, 702 N.E.2d 351, 353-54 (Ind.1998); Clifford v. Marion County Prosecuting Attorney, 654

---

[1] In his original complaint, Mr. Edwards also sought to sue, Tom Black, the attorney who represented him in the child support action. But he does not name Mr. Black in his amended complaint.

2

N.E.2d 805 (Ind.Ct.App. 1995). Accordingly, the doctrine of prosecutorial immunity precludes an action for damages against the Marshall County Prosecutor and his deputies arising from their actions in obtaining and collecting child support from Mr. Edwards.

Moreover, even if Mr. Edwards could maintain an action against these defendants, it appears that the events he complains of occurred more than ten years ago. Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. Bell v. City of Milwaukee, 746 F.2d 1205, 1229 (7th Cir. 1984); Johnson v. City of Fort Lauderdale, 903 F. Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." Doe v. Howe Military School, 227 F.3d 981, 987 (7th Cir. 2001); *see also* Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (2-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

For the foregoing reasons, the court DENIES the plaintiff's motions to proceed *in forma pauperis* (dockets ## 2 and 4), and DISMISSES the amended complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

SO ORDERED.

ENTERED: July  10 , 2006

                                          /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court